# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2021

Lyle W. Cayce
Clerk

No. 19-20760

Owen Keith Crawford, Sr.,

*Plaintiff—Appellant*,

*versus*

Child Protective Services; Child Protective Services; Child Protective Services,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1789

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Owen Keith Crawford, Harris County Jail prisoner # 2338322, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that "Child Protective Services" (CPS) falsified documents in an effort to remove his children and that CPS deprived his daughter of medical care. The district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20760

court dismissed the complaint for failure to state a claim and denied Crawford leave to appeal in forma pauperis (IFP), certifying that the appeal is not in good faith. Crawford now moves this court for leave to appeal IFP and for appointment of counsel.

By moving to appeal IFP, Crawford challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quotation omitted). Crawford fails to address the district court's reasons for certifying that an appeal is not in good faith. We therefore dismiss the appeal because "it is apparent that an appeal would be meritless." *Baugh*, 117 F.3d at 202 n.24; *accord Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

The district court's dismissal of Crawford's § 1983 action for failure to state a claim and our dismissal of this appeal as frivolous count as two separate strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Previously, the district court for the Southern District of Texas dismissed a civil IFP action of Crawford's as frivolous and for failure to state a claim. *Crawford v. Aramark*, No. 4:19-CV-2470 (S.D. Tex. Sept. 20, 2019) (unpublished). This court dismissed the untimely appeal from that judgment for lack of jurisdiction. *Crawford v. Aramark*, No. 20-20170 (5th Cir. July 15, 2020). Consequently, Crawford now has at least three strikes under section 1915(g). Therefore, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

No. 19-20760

Crawford's IFP motion and motion to appoint counsel are therefore DENIED. Crawford is hereby PROHIBITED from proceeding IFP, except as authorized by 28 U.S.C. § 1915(g). The appeal is DISMISSED.